UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
STEVEN TODOROVIC,

                       Plaintiff,                                **ORDER**

      -against-                                          23-CV-8515-ARR-SJB

BURNS STREET OWNERS CORP.,

                       Defendant.
-----------------------------------------------------------------X

**ALLYNE R. ROSS, United States District Judge:**

On November 13, 2023, Plaintiff Steven Todorovic, appearing *pro se*, filed this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. *See* Compl., ECF No. 1. Plaintiff also applied to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* IFP App., ECF No. 2. For the reasons set forth below, the Court denies Plaintiff's application to proceed IFP.

The current total fee to file a civil case in this Court is $402. *See* 28 U.S.C. §§ 1914(a), (b). A litigant may request to waive the filing fee by filing an IFP application. A plaintiff seeking to proceed IFP must submit an affidavit stating, "that the person is unable to pay" filing fees "or give security therefor," and must also include "a statement of all assets" the person possesses. 28 U.S.C. § 1915(a)(1). The purpose of the IFP statute, 28 U.S.C. § 1915, is to provide indigent persons with equal access to the judicial system. The statute is "intended for the benefit of those too poor to pay or give security for costs." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). A Court may dismiss a case that has been filed IFP if the Court determines that the plaintiff's "allegation of poverty is untrue." 28 U.S.C. §1915(e)(2)(A). The Court has discretion to determine whether a plaintiff qualifies for IFP status. *See, e.g., Chowdhury v. Sadovnik*, No. 17-cv-2613 (PKC), 2017 WL 4083157, at *2 (E.D.N.Y. Sept. 14, 2017).

The Court is not persuaded by Plaintiff's IFP application that he is unable to pay the Court's filing fee. Plaintiff indicates that he is currently employed and that he and his spouse have $8000 in gross monthly income and $1500 in checking accounts. *See* IFP App., ECF No. 2 at 2. Although the Court recognizes that Plaintiff has expenses totaling $5600, *id.* at 4-5, these expenses do not prevent Plaintiff from being able to pay the $402 filing fee or show that he is indigent.

## CONCLUSION

Accordingly, Plaintiff's IFP application is denied. In order to proceed with this action, Plaintiff must pay the $402 filing fee to the Clerk of Court of the Eastern District of New York within 14 days of the date of this Order. Upon payment of the filing fee, the Clerk of Court shall issue a summons[1] and Plaintiff must have the summons and complaint served on the Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure.

If Plaintiff fails to comply with this Order within the time allowed or fails to show good cause for an extension of time, the Court may dismiss the case without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to send a copy of this Order to the Plaintiff and to note the mailing on the docket.

**SO ORDERED.**

Dated: December 7, 2023
      Brooklyn, New York

                                                  /s/
                                      ALLYNE R. ROSS

---

[1] Plaintiff must provide a service address for the Defendant in order for the Clerk of Court to issue the summons.

United States District Judge